JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01701 GAF (SSx) | Date | November 29, 2011 |
|---|---|---|---|
| Title | Central Mortgage Company v. Eliseo Lopez et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:       (In Chambers)**

## ORDER REMANDING CASE

　　In the "[s]ummer of 2011," Plaintiff Central Mortgage Company, d/b/a Central Mortgage Loan Servicing Company, filed this action for unlawful detainer and money damages in San Bernardino County Superior Court against Defendant Eliseo Lopez.  (Docket No. 1, Not.of Removal at 1–2.)  On October 25, 2011, Defendant removed the action to this Court, purportedly under 28 U.S.C. § 1443(1).  (Id. at 2–4.)  For the reasons set forth below, the Court concludes that it lacks subject matter jurisdiction in this case and accordingly **REMANDS** it to state court.

　　Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ."  Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) (district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, regardless of whether the parties raised the issue).  Thus, a court may remand a case on its own motion for lack of subject matter jurisdiction.  Scofield v. Ball, No. 11-0378, 2011 WL 830104, at *1 (S.D. Cal. Mar. 4, 2011) (citing Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984)).  When a case is removed, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

　　Defendant contends that he is entitled to remove this case pursuant to 28 U.S.C. § 1443(1), which provides for removal of any case "[a]gainst any person who is denied or cannot

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01701 GAF (SSx) | Date | November 29, 2011 |
|---|---|---|---|
| Title | Central Mortgage Company v. Eliseo Lopez et al | | |

enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). This provision is most frequently relied upon in criminal cases in which a defendant can establish that he cannot receive a fair trial in state court. To remove a case under § 1443(1), a criminal defendant must "satisfy a two-pronged test." Johnson v. Mississippi, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." Id. (internal quotation marks omitted). "Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State." Id. (same). This prong "requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case," or that there be some "equivalent basis . . . for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court." Id. (internal quotation marks and citation omitted). "Except in the unusual case . . . it [is] to be expected that the protection of federal constitutional or statutory rights c[an] be effected in the pending state proceedings, civil or criminal." (Id.)

It appears from Defendant's Notice of Removal that the San Bernardino County Superior Court has entered judgment in favor of Plaintiff. (See Not. at 3–4 (". . . [P]laintiff had moved and received a judgment against Defendant . . . . The State Court could easily be backed by the appellate department . . . ."). This Court can discern allegations in the Notice that, during the proceedings, Defendant was denied federal "civil rights stated in terms of racial equality." Defendant states that he was "denied his due process right and equal protection under the 14th Amendment," and that, indeed, his "rights to equal protection under the law are non-existent in state court unlawful detainer actions." (Id. at 4.) Specifically, Defendant alleges that "the rules of evidence and civil procedure are applied without equal protection," and that he was "stonewalled" when he tried to bring Plaintiff's violations of certain of these rules to the Superior Court's attention. (Id. at 2–3.) However, Defendant's attempt to remove this action nonetheless fails on the second Johnson prong. Defendant does not identify any California state law or California constitutional provision that denies him the opportunity to raise his equal protection and due process rights in the California courts; instead, Defendant argues only that these rights were denied in his case. Moreover, Defendant's vague allegations of procedural and evidentiary improprieties do not give rise to "an equally firm prediction" that his presents the "unusual case" in which federal rights will be denied or left unprotected in state court. Accordingly, there is no basis for removal under 28 U.S.C. § 1443(1).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01701 GAF (SSx) | Date | November 29, 2011 |
|---|---|---|---|
| Title | Central Mortgage Company v. Eliseo Lopez et al | | |

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction in this case. The case is therefore hereby **REMANDED** to San Bernardino County Superior Court.

**IT IS SO ORDERED.**